**Cecil James TAGGART, Jr., Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**Nos. A–14328, A–14329.**

Court of Criminal Appeals of Oklahoma.

Feb. 7, 1968.

Rehearing Denied April 10, 1968.

Daniel Bassett, Bartlesville, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Jerry H. Holland, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge.

Plaintiff in Error, Cecil James Taggart, Jr., hereinafter referred to as the defendant was charged in the District Court of Osage County, Oklahoma, with the crimes of Indecent Exposure, No. A14,329 [District Court #5174] and Lewd Molestation

of a Minor, No. A-14,328 [District Court #5173]. He entered a plea of guilty to both charges on September 27, 1966. Judgment and sentence was passed for sixty days to November 28, 1966, whereupon prior to judgment and sentence, testimony was taken on behalf of the defendant from Dr. Wade Johnson Boyd, Psychiatrist, and two character witnesses. Final sentencing was then passed until December 5, 1966, whereupon defendant was sentenced to two terms of Ten Years each case in the state penitentiary, to run concurrently, and the last seven years of each being suspended for defendant's good behavior. From that judgment and sentence, defendant perfected his appeal to this Court alleging two assignments of error: (1) Whether the judgments and sentences of the trial court below, in each of the cases, were excessive and ought to be reduced; and (2) Whether the judgment and sentences of the trial court should be suspended in their entirety by this appellate court.

After a review of the testimony and the record in this cause, this Court is of the opinion that neither proposition has merit.

■ The trial judge, in assessing the sentences, allowed the two to run concurrently; and then, *further* suspended SEVEN OF THE TEN YEAR SENTENCE, leaving only three years to actually serve in the penitentiary. Under no circumstances could this be called excessive, and more particularly, in view of the serious nature of this crime.

■ This Court stated in Grubbs v. State, Okl.Cr.App., 413 P.2d 328:

"Where jury is waived the finding of facts by the trial court will be sustained on appeal where there is competent evidence in the record reasonably tending to support his finding."

See, also Hisel v. State, 97 Okl.Cr. 356, 264 P.2d 375.

■ Defendant's second proposition has no merit, as this Court does not suspend a sentence, even if justified, which is not the case herein.

Quoting from the Attorney General's brief at pg. 5:

"Although much discussion has been made in the area of psychiatry we have not been enlightened by defendant with a single example of error or lack of judicial responsibility on the part of the trial judge. The suspension of a sentence, we submit, is a matter of grace and there is no indication that the relatively light sentence meted out by the trial court was not made after due consideration of all of the aspects of the case most favorable to the defendant. The defendant could have been sentenced to ten years on the Indecent Exposure and twenty years on the Lewd act, with no suspension of either. Considering all of the facts, including, but not limited to the damage to young minds, the defendant's status in life including his educational background, the just *average* possibility of rehabilitation as expressed by his own doctor (cm 29); the securing of a place of trust in order to expediate his abominable propensity, his past history of unnatural behavior (cm 37); the absence of evidence of passion and prejudice on the part of the trial court and the relative minor sentence of the trial court, the State feels that the trial court's sentence should be affirmed."

This Court agrees completely with the above statement, and feel that the sentence imposed was very light indeed, considering the nature of the crimes committed by the defendant.

The judgment and sentence is thereby affirmed.

BUSSEY and BRETT, JJ., concur.